# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROBERT EDWARD LAGRONE,  )
                        )
         Plaintiff,     )
                        )
vs.                     )   Case No. 08-1041-WEB-DWB
                        )
JACKSON #3,             )
WICHITA POLICE DEPT., *et al.*, )
                        )
         Defendants.    )
_____)

## MEMORANDUM AND ORDER

Plaintiff Robert Edward LaGrone has filed an Application for Leave to File an Action Without Payment of Fees, Costs, or Security, which includes an Affidavit of Financial Status (Doc. 2, Sealed), an Application for Appointment of Counsel (Doc. 3), and an Affidavit of Financial Status in Support of Application for Appointment of Counsel (Doc. 4, Sealed) in the above case. While each motion will be considered separately, the financial disclosure documents (Docs. 2 and 4) will be considered together in determining Plaintiff's financial status.

**I.    Motion to Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial

means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.* There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See* **Yellen v. Cooper**, 82 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his Affidavit of Financial Status, Plaintiff, who is single and has no dependents, indicates that he earns a small amount per month working for Labor Ready, which the Court understands to be a temporary employment service. The affidavit also indicates that Plaintiff has few, if any, monthly financial obligations because he lives the Union Rescue Mission and receives food stamps. (Doc. 4, sealed, at 2, 5-6.) After careful review of both of Plaintiff's financial affidavits, the Court is confident that Plaintiff's financial situation warrants a waiver of the normal filing fee. As such, the Court **GRANTS** Plaintiff's Motion to Proceed *In*

*Forma Pauperis*.

## II.     Motion for Appointment of Counsel.

Plaintiff also has filed an Application for the Appointment of Counsel. (Doc. 3).  The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.  *Id.,* at 1421.

As discussed above, the Court is satisfied that Plaintiff has met the first of these criteria, the inability to afford counsel.  The Court does, however, have serious concerns regarding the next two criteria.  Plaintiff has provided the Court with no information establishing that he has even attempted to search – let alone

been diligent in searching – for counsel. The form to request appointment of counsel clearly designates that Plaintiff is to contact at least five attorneys in an attempt to obtain counsel on his own. (Doc. 3, at 1.) Plaintiff has left the portion of this form blank, leading the Court to believe he has made no effort to seek representation on his own.

Further, for the reasons discussed below, the Court finds Plaintiff's Complaint, even construed liberally, is frivolous, malicious, and/or fails to state a claim on which relief may be granted. Thus, the Court **DENIES** Plaintiff's Application for Appointment of Counsel. (Doc. 3.)

### III. The Merits of Plaintiff's Case and Recommendation of Dismissal.

When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests. 28 U.S.C. §1915(e)(2). Section 1915 of Title 28, United States Code, requires dismissal of a case filed under that section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. §1915(e)(2).[1] The purpose of § 1915(e) is "the prevention of abusive or

---

[1] Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status. *See e.g., Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999); *McGore v. Wigglesworth,* 114 F.3d

capricious litigation." ***Harris v. Campbell***, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. ***Hall v. Bellmon***, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), Plaintiff's Complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* ***Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* ***Moore v. Guthrie***, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See* ***Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991). This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. ***Hall***, 935 F.2d at 1110; *see also* ***Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his

---

601, 608 (6th Cir. 1997).

confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

Although Plaintiff is not required to plead "detailed factual allegations," his Complaint "must set forth the grounds of [his] entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, __ F. Supp.2d __, No. 07-2154-KHV, 2008 WL 191794, at *1 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, __U.S. __, __ - __, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must **allege sufficient facts to state a claim which is plausible – rather than merely conceivable** – on its face." *Fisher*, 2008 WL 191794, at *1 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that a plaintiff has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the

action be dismissed.  Unfortunately for Plaintiff, that is the conclusion reached by the Court in this case.

In filing the present case, Plaintiff completed the general Civil Complaint form provided by the Clerk of the Court.  Plaintiff, who lives in Wichita, indicates that jurisdiction is based on diversity of citizenship because he is a "citizen of Oregon."  Nothing in Complaint or financial affidavits, however, provides any support for the allegation that Plaintiff lives anywhere other than Wichita, Kansas.  In fact, both financial affidavits submitted by Plaintiff list his mailing address as 2800 N. Hillside, Wichita, Kansas 67219.  (Doc. 2, sealed, at 2; Doc. 4, sealed, at 2.)

Because Plaintiff has stated his claim as a Civil Rights violation, he should have indicated that the "case arises because of violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States" as stated in Section II. B. of the form Complaint.  (*See* Doc. 1, at 3.)  Liberally construing Plaintiff's pleadings, the Court will not penalize him for incorrectly stating the jurisdictional basis for his claims.

Even so, the Court finds that Plaintiff's claims are frivolous and/or malicious and fail to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B).  Plaintiff received warnings from a "black police officer" while at a City of Wichita library at

approximately 5:00 p.m. on February 10, 2008.  After it was announced that the library was closing for the day, Plaintiff used the men's restroom located in the facility.  While Plaintiff was washing his hands, the police officer, who was "wearing a name plate reading Jackson and bearing a shield number of 3"[2] (Doc. 1, at 6), informed Plaintiff it was "time to leave."  When Plaintiff left the restroom, the police officer allegedly asked him to use the stairs because "he was in the bathroom all day!"  (*Id*.)  Plaintiff admits he had a "problem" with this comment, and the situation soon deteriorated.  Thereafter, Plaintiff referred to the uniformed police officer as the "scum of the earth a real dirt bag" and ignored the officer's request that he use the stairs.  (*Id*., at 7.)  He specifically told the officer that he will not obey her instruction and informs her "never to say anything to [him] again" or he would report her.  (*Id*.)  Their interaction continues with Plaintiff informing the officer that he "could have called [her] a n*gger," which by his definition "is someone who acts low or is unlawful whom is a known pathetic individual like a thief and a liar and some one who is respectfuless [sic]."  (*Id*., at 8.)[3]

---

[2] The Court notes that Plaintiff's narrative was typed entirely in capital letters. For readability purposes, it will be included herein with capitalization only where necessary.

[3] Plaintiff also describes a hypothetical scenario, which the Court finds highly disturbing, in which Plaintiff imagines overpowering Officer Jackson in the elevator, stealing her gun, and killing himself or being sentenced to life in prison. (*Id*., at 7.) Plaintiff concludes his narrative by stating that "this Officer Jackson had better find

Plaintiff's Complaint also refers to Charles Quinn, Security Supervisor for the Wichita Police Department. (*Id*., at 2.) Quinn issued a trespass warning to Plaintiff on February 11, 2008, ordering Plaintiff "not to enter or remain on the premiss of Wichita City Hall . . . or any of the adjacent City-owned property." (*Id*., at 10.) The order is to remain in effect "indefinitely." (*Id*.) Plaintiff's Complaint, however, fails to provide any mention of the circumstances surrounding the issuance of this trespass warning nor does it discuss how the order could possibly violate Plaintiff's Civil Rights.

While Plaintiff has supplied the Court with an abundance of allegations, the Court fails to see how any of these allegations, or any reasonable inferences derived from these allegations, plausibly support a claim for a violation of Plaintiff's civil rights. To the contrary, the events as described by Plaintiff involve him being disrespectful, disobedient, and potentially threatening to a law enforcement official in the line of duty. Based on the record before the Court, the Court must fulfill its responsibility and **RECOMMEND DISMISSAL** of these frivolous claims.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to

---

someone else to talk to and order around because of those colored days in American History I will never listen to her again even if she is a police officer I will tell her to f*ck off and I really mean that." (*Id*., at 9.)

9

File an Action Without Payment of Fees, Costs, or Security (Doc. 2, Sealed), is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the clerk need <u>not</u> serve the Complaint upon Defendants or issue summons in this case.

**IT IS FURTHER ORDERED** that Plaintiff's Application for Appointment of Counsel (Doc. 3) is **DENIED**.

**IT IS FURTHER RECOMMENDED** that this case be **DISMISSED** as frivolous, malicious, and/or failing to state a claim on which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B).

A copy of this recommendation of dismissal shall be sent to Plaintiff *via* certified mail.  Pursuant to 28 U.S.C. §636(b)(1), Fed. R. Civ. P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have **ten days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, her written objections to the findings of fact, conclusions of law, or recommendations of the magistrate judge.  <u>Plaintiff's failure to file such written, specific objections within the ten-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended</u>

<u>disposition.</u>

Dated at Wichita, Kansas, on this 24th day of March, 2008.

    s/   D<small>ONALD</small> W. B<small>OSTWICK</small>
DONALD W. BOSTWICK
United States Magistrate Judge